# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:23-CR-42-NR |
| | ) |
| DANTE WEBB, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Mr. Webb's motion for leave to file an untimely motion under Fed. R. Crim. P. 12(b)(3)(D) to sever Count 5 of the superseding indictment from Counts 1-4 under Fed. R. Crim. P. 14.  ECF 92.  After careful consideration, the Court denies the motion.

## BACKGROUND

On February 28, 2023, a grand jury returned a four-count indictment against Mr. Webb for: (1) possession of various controlled substances with intent to distribute; (2) possession of a firearm in furtherance of a drug trafficking crime; (3) possession of a firearm by a convicted felon; and (4) possession of various controlled substances with intent to distribute.  ECF 3.  All of the counts in the original indictment relate to events that occurred on June 3, 2022, and June 7, 2022.

On July 25, 2023, a grand jury returned a five-count superseding indictment against Mr. Webb.  ECF 30.  The superseding indictment contained the same four counts as the original indictment, but added a new Count 5 for possession of controlled substances with intent to deliver.  *Id.*  Count 5 in the superseding indictment is based on conduct that occurred on May 15, 2023, while Mr. Webb was being arrested by ATF agents for the conduct outlined in Counts 1-4.

Mr. Webb's first attorney was appointed on May 15, 2023.  ECF 14.  After multiple extensions, the final pre-trial motions deadline was set for August 15, 2023.

ECF 36. Mr. Webb's first attorney filed two pre-trial motions on that date, including a motion to suppress evidence. *See* ECF 38; ECF 39. The Court scheduled a hearing on the motion to suppress for September 12, 2023. ECF 48. At the hearing, Mr. Webb informed the Court that he wanted new counsel. ECF 49. After a sidebar discussion with Mr. Webb and counsel, Mr. Webb was satisfied that his current counsel could proceed, at least for purposes of the hearing, and the suppression hearing took place as scheduled. *Id.*

The day after the suppression hearing, Mr. Webb's first attorney moved to withdraw (ECF 52) citing an irretrievable breakdown in the attorney-client relationship; the Court granted that motion on November 9, 2023, and appointed Mr. Webb's second attorney. ECF 57; ECF 58. Shortly after being appointed, Mr. Webb's second attorney moved to withdraw, citing a total breakdown in communication. ECF 61. After holding a hearing on the matter, the Court granted the motion (ECF 66) and appointed Mr. Webb's third attorney on December 19, 2023. ECF 65.

In March 2024, in the lead-up to trial (which was scheduled to commence on April 29, 2024), Mr. Webb's third attorney discovered an arguable conflict of interest with two potential prosecution witnesses and moved to withdraw on that basis on March 25, 2024. ECF 77. After a status conference, the Court granted the motion to withdraw (ECF 83) and appointed Mr. Webb's fourth attorney. ECF 84.

Now, Mr. Webb's fourth attorney seeks permission to file an untimely motion to sever Count 5 under Rule 12(b)(3)(D), approximately nine months after the final pre-trial motions deadline.

## **DISCUSSION & ANALYSIS**

In his motion for leave, Mr. Webb argues that he need not show good cause for the Court to re-set the pre-trial motions deadline. But even if he must establish good cause, Mr. Webb raises several arguments to try to establish it. After careful

review, the Court finds that Mr. Webb must establish good cause in order to file the untimely motion, and he has failed to do so. So the Court denies the motion.

I. **The Court cannot re-set the Rule 12 pretrial motions deadline in the absence of good cause.**

"If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). However, a court may consider an untimely motion "if the party shows good cause." *Id*. Good cause "requires a showing of cause and prejudice." *United States v. Dennis*, 41 F.4th 732, 740 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 2616 (2023). It is clear from the text of Rule 12 that Mr. Webb is required to show good cause before the Court can consider granting his motion.

Mr. Webb argues that because Rule 12 allows the Court to "extend or reset the deadline for pretrial motions[,]" he does not need to show good cause. ECF 93, p. 2-3 (citing Fed. R. Crim. P. 12(c)(2)). However, in citing to this provision of Rule 12, Mr. Webb ignores the next subsection which states that if a party misses the pre-trial motions deadline, "the motion is untimely" and the Court may only consider it if "the party shows good cause." Fed. R. Crim. P. 12(c)(3). Therefore, under the plain text of Rule 12, Mr. Webb is required to show good cause.

II. **Mr. Webb has not shown good cause.**

   A. **The appointment of new counsel is not sufficient to show good cause.**

Much of Mr. Webb's motion is focused on the fact that he has had four court-appointed attorneys. But that doesn't establish good cause for at least three reasons.

First, none of Mr. Webb's attorneys sought to withdraw prior to the final pre-trial motions deadline. In other words, all the changes in counsel happened after the deadline, and thus cannot give rise to re-opening the pre-trial motions deadline now, nine months later. *Compare United States v. Baker*, No. 19-32, 2021 WL 1517843, at \*2 (M.D. Pa. Apr. 15, 2021) (finding good cause when new counsel was appointed

before the reply deadline for pretrial motions) *with United States v. Boston*, No. 18-95, 2020 WL 1495489, at *1 (W.D.N.C. Mar. 26, 2020) ("The appointment of new counsel does not reset the deadline in Rule 12 nor does it establish good cause to waive it.").

Second, finding good cause in this situation would create an incentive for a defendant to cycle through new attorneys, simply to raise new arguments and motions and re-litigate prior motions. This would run entirely counter to the principles of Rule 12 and the Speedy Trial Act rights of the public. *See United States v. Santana-Dones*, 920 F.3d 70, 81 (1st Cir. 2019) ("After all, allowing new counsel to reopen an expired deadline in order to pursue strategic options forgone by prior counsel would put a premium on changing counsel and unfairly advantage the defendant."), *cert. denied*, 140 S. Ct. 527 (2019); *United States v. Goguen*, No. 16-167, 2021 WL 2581586, at *10 (D. Me. June 23, 2021) ("Rule 12(b)(3) would not serve its structural purpose of channeling certain motions into pretrial proceedings if an attorney may invoke Rule 12(c)(3) whenever the attorney fails to make a timely filing or discovers a potential argument after a mandatory deadline."), *aff'd*, No. 21-1741, 2023 WL 2662911 (1st Cir. Jan. 25, 2023).

Third, the fact that prior counsel did not file a motion to sever appears to be, at best, a strategic decision by counsel, and, at worst, attorney inadvertence—neither of which establish good cause. "A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'" *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003); *see also Dennis*, 41 F.4th at 740 (stating that prior counsel's failure to file a pretrial motion to suppress was not a sufficient showing of good cause because prior counsel was aware of the facts underlying a potential motion to suppress); *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) ("Generally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial

motion before the deadline, the party seeking a waiver will not be able to establish good cause.").

Fourth, as a variation on the changing-counsel argument, Mr. Webb argues that judicial economy would be served by re-opening the pre-trial motions deadline, otherwise the Court will be saddled with an appeal and future ineffective-assistance-of-counsel motions. But staving off future post-conviction proceedings is too speculative and thus cannot serve as good cause. Indeed, as discussed below, the arguments for severance are likely to fail. As such, that would doom any ineffective-assistance-of-counsel claim, too. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (defendants must show prejudice to establish ineffective assistance of counsel).

Thus, that Mr. Webb has had multiple prior lawyers and now a new one does not establish good cause to re-open pre-trial motions.

### B. Any motion to sever would be futile, as the considerations of a joint trial override any potential prejudice.

Mr. Webb also cannot show good cause because the motion to sever is likely to fail. For severance to be granted under Rule 14, a "defendant must pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (cleaned up), *as amended* (Oct. 21, 2010). "A district court's ruling on a motion for severance is discretionary." *United States v. Mitchell*, No. 09-105, 2013 WL 12202650, at *9 (W.D. Pa. May 6, 2013) (Cercone, J.). "In exercising its discretion, the court must balance the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *Id.* Defendants seeking severance bear a heavy burden to show prejudice. *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005).

While the Court hasn't had complete briefing on the severance issues, both parties have extensively briefed the issue in the context of the motion for leave. And

the Court has a complete understanding of the law and the factual predicate of the case. Based on that, the Court finds that any motion to sever here would be futile.

An indictment "may charge a defendant in separate counts" with more than one offense "if the offenses charged . . . are of the same or similar character[.]" Fed. R. Crim. P. 8(a). "There is a preference in the federal system for joint trials . . . for charges set forth in the same indictment." *United States v. Kubini*, 19 F. Supp. 3d 579, 629 (W.D. Pa. 2014) (Fischer, J.). It is true that counts that are far apart in time and have little relation to each other may be severed. *United States v. Owens*, 187 F. Supp. 3d 488, 497 (M.D. Pa. 2016) (holding that defendant would be prejudiced if counts were not severed because the conduct occurred two years apart and were not substantially related). However, that is not the case here. The conduct for the counts occurred less than a year apart, and the conduct for Count 5 occurred when Mr. Webb was being arrested for Counts 1-4. Count 5 is similar in character to Counts 1-4 because Count 5 is based on Mr. Webb possessing with intent to distribute the same substances as he is charged with possessing with intent to distribute at Counts 1-4. ECF 30; ECF 95, p. 14. While Count 5 is separate temporally from Counts 1-4, the interrelatedness of the conduct behind the counts and the fact that the conduct underlying Count 5 occurred during Mr. Webb's arrest for Counts 1-4 all weigh heavily in favor of the preference to try all of these counts together.

The government has also identified substantial overlap in the presentation of its case for Counts 1-4 and Count 5, including overlap between lay witnesses and expert witnesses, and the custody of physical evidence related to all counts—which all tips the scales in favor of a joint trial. ECF 95, p. 11 ("ATF agents responded to defendant Webb's residence at 246 S. Millvale Ave during the search of June 3, 2022, arrested defendant Webb on May 15, 2023, searched the residence located at 606 Edmond Street, interviewed all civilian witnesses, and have custody of all physical evidence seized in this case."); *see United States v. Wilson*, 216 F. Supp. 3d 566, 586

(E.D. Pa. 2016) (denying motion for severance where government would need to offer duplicative testimony), *aff'd*, 960 F.3d 136 (3d Cir. 2020).

Additionally, "[s]everance should only be granted if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Riley*, 621 F.3d at 335 (cleaned up). Mr. Webb asserts that his trial rights under the Federal Rules of Evidence and Federal Rules of Criminal Procedure will be lost if the counts are not severed. ECF 93, p. 8. Mr. Webb specifically identifies Rule 403 and Rule 404 as evidentiary rules that would be affected by severance, and alleges that evidence would be admissible in relation to some counts but inadmissible in relation to others. *Id.* at 8-9. However, this is not sufficient. *Riley*, 621 F.3d at 335 (affirming denial of severance because the defendant "merely assert[ed] that the jury was unable to compartmentalize the evidence.").

In criminal trials, juries are presumed to be able to compartmentalize evidence, and any asserted prejudice to Mr. Webb can be cured by an appropriate jury instruction. *Mitchell*, 2013 WL 12202650, at *10; *see also Kubini*, 19 F. Supp. 3d at 629 ("It is not enough to argue that the jury is unable to compartmentalize a limiting instruction regarding evidence because juries 'are presumed to follow their instruction.'" (quoting *Zafiro v. United States*, 506 U.S. 534, 541 (1993)). There is no reason to believe that the jury will be unable to compartmentalize the evidence as to the different counts, and follow any appropriate limiting instructions. *Zafiro*, 506 U.S. at 541.[1]

Because Mr. Webb cannot show prejudice from being unable to raise his motion to sever, he cannot show good cause.

---

[1] It would seem the main concern that Mr. Webb might have with respect to Count 5 is the fact that ATF officers may testify that they were serving an arrest warrant for Mr. Webb at that time, which concerned the other counts. This would appear to be a concern that could easily be addressed in the context of a motion *in limine*.

-8-

\* \* \*

**AND NOW**, this **13th day of May, 2024**, it is hereby **ORDERED** that, for the reasons stated above, Mr. Webb's motion to for leave to file a motion under Fed. R. Crim. P. 14 (ECF 92) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
