**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:23-cr-42 |
| | ) |
| DANTE WEBB, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Before the Court are motions *in limine* filed by Mr. Webb.  ECF 104; ECF 105;

ECF 106; ECF 107; ECF 108; ECF 109; ECF 110; ECF 111; ECF 112; ECF 113.  The

Court issues this omnibus order resolving the motions as follows.

**I.     Mr. Webb's motion *in limine* to exclude exhibits G-8, G-17, and G-19
       (ECF 104).**

Mr. Webb seeks to exclude exhibits G-8, G-17, and G-19 under Fed. R. Evid.

106, 802, and 1002, as well as the Sixth Amendment.  ECF 104.  Mr. Webb argues

that the exhibits are missing pages, illegible, and contain redacted names.  *Id.*  The

government represents that it intends to use these exhibits to refresh the

recollections of or to impeach witnesses, and not admit them in its case-in-chief.  ECF

116, p. 1.  Because the government has indicated that it will not seek to admit these

exhibits, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**.  The

exhibits may only be used to refresh recollection and for impeachment, but may not

otherwise be admitted into evidence.

**II.    Mr. Webb's motion *in limine* to exclude exhibit G-32 (ECF 105).**

Mr. Webb seeks to exclude exhibit G-32 (a Firearm and Toolmark Section

Report) under Fed. R. Evid. 104(b), 403, and 404(b).  ECF 105, p. 1.  Mr. Webb argues

that information in the report stating that a firearm was equipped with a device that allowed it to discharge in a fully automatic manner is: (1) not relevant because there is no evidence that he equipped the firearm with this device; (2) unfairly prejudicial; and (3) being introduced to make Mr. Webb appear dangerous. *Id.* at 1-2. The government argues that it is introducing this evidence to show that Mr. Webb's possession of the firearm was in furtherance of a drug trafficking crime. ECF 116, pp. 2-3.

Mr. Webb has been charged with possession of a firearm in furtherance of a drug trafficking crime. ECF 30, p. 2. The "type of weapon" is relevant to whether a firearm is used in furtherance of a drug trafficking crime. *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004), *as amended* (Aug. 3, 2004). This includes whether the firearm is fully automatic. *United States v. Coles*, 558 F. App'x 173, 179 (3d Cir. 2014) (considering the fact that the two guns were fully automatic and semi-automatic in a *Sparrow* analysis).

Here, evidence that the firearm could fire in a fully automatic capacity is relevant to Count Two, *see id.*, and Mr. Webb has not shown that the probative value is substantially outweighed by the prejudicial effect of the evidence. Additionally, because Fed. R. Evid. 404(b) does not bar evidence related to charged conduct and this evidence is related to the conduct charged in Count Two, Rule 404(b) is inapplicable. As such, the Court finds that the evidence is admissible and **DENIES**

Mr. Webb's motion.[1]

### III.   Mr. Webb's motion *in limine* to exclude exhibits G-84 and G-85 (ECF 106).

Mr. Webb seeks to exclude exhibits G-84 and G-85.  ECF 106.  These exhibits are printouts of text messages from Cellebrite, a software used to extract data from cell phones.  *Id.* at 1.  Mr. Webb argues that: (1) the government has shown relevance under Rule 104(b) because the government has not shown that they came from Mr. Webb's phones; (2) the messages violate his Sixth Amendment right because they are redacted; (3) the government should make an offer of proof as to the text messages; and (4) the messages are inadmissible hearsay.  *Id.* at 1-2.  The government argues that: (1) it will lay the proper foundation at trial; (2) the contents of the phones are not "testimonial" and thus not subject to the confrontation clause and it has produced the unredacted copies to Mr. Webb; (3) its expert disclosure details how the phone evidence is relevant, and thus Mr. Web's request for an offer of proof is moot; and (4) incoming messages that are questions or commands are not subject to the hearsay rule and the other incoming messages fall are admissible as present sense impressions and/or as a statement of then-existing state of mental, emotional, or physical condition.  ECF 116, pp. 4-7.  The Court will address each of Mr. Webb's arguments in turn.

First, Mr. Webb argues that the government should be required to show that the phones in question were used by Mr. Webb prior to the admission of the exhibits

---

[1] The Court encourages the parties to enter into stipulations as to the prior offenses. That may lead to a more efficient presentation to the jury.

under Fed. R. Evid. 104(b).

Where relevance depends on whether a fact exists, the proponent must show that a jury could reasonably find those facts by a preponderance of the evidence. Fed. R. Evid. 104(b). For a cell phone, the government can meet its slight burden of authentication by showing that a phone was found with the defendant and that the phone's contents suggest that it belongs to the defendant, such as text messages on the phone are addressed to the defendant. *United States v. Lackey*, No. 17-269, 2019 WL 6464656, at *1 (M.D. Pa. Dec. 2, 2019). Here, the government has proffered evidence that the phones were seized from Mr. Webb's residence and that the contents of the phones indicate that Mr. Webb owned the phones, including text messages addressed to Mr. Webb. ECF 116, pp. 4-5. The Court finds that the government's proffer sufficiently establishes by a preponderance of the evidence that the text messages came from Mr. Webb's phone, and therefore determines that the government's text message exhibits are properly authenticated.

Second, Mr. Webb claims that the redactions in the exhibits implicate his Sixth Amendment right to a public trial. ECF 106, pp. 1-2. The government represents that it has provided Mr. Webb with unredacted copies of these. ECF 116, p. 5. The government represents that it has redacted only irrelevant information from the exhibits (*id.*)—if Mr. Webb believes that the unredacted versions are relevant, he may seek at trial to introduce unredacted versions. The Sixth Amendment is not implicated.

Third, Mr. Webb requests an offer of proof from the government as to

relevance.  The government proffers that Supervisory Special Agent Springmeyer's expert disclosure shows that this evidence is relevant because drug traffickers use phones as tools of the trade and the contents of the phones are related to the distribution of drugs.  *Id.* at 5-6.  The Court finds that the evidence is relevant based on the government's proffer.

As to Mr. Webb's hearsay objections to specific messages, the Court will resolve those objections by separate order.

## IV.   Mr. Webb's motion *in limine* to exclude exhibits G-113, G-114, and G-115 (ECF 107).

Mr. Webb seeks to exclude exhibits G-113, G-114, and G-115.  ECF 107.  These exhibits are photographs of documents.  *Id.*  Mr. Webb seeks to exclude these exhibits under Fed. R. Evid. 1002, which requires an original writing, recording, or photograph.  *Id.*  The government responds by stating that it does not intend to introduce these exhibits for the contents of the documents in the photographs, but instead for the fact that the documents were present inside a residence.  ECF 116, pp. 7-8.  The government further states that while it has marked the originals of these documents, it does not intend to admit them, with one exception.  *Id.* at 8.

Because the government represents that it is not seeking to introduce the photographs for the contents of the documents contained therein, Rule 1002 is not implicated and the Court **DENIES** Mr. Webb's motion.

## V.   Mr. Webb's motion *in limine* to exclude exhibits G-133, G-134, and G-135 (ECF 108).

Mr. Webb seeks to exclude exhibits G-133, G-134, and G-135, which are certified copies of three of Mr. Webb's prior convictions.  ECF 108.  Mr. Webb seeks

to exclude these exhibits under Rules 402 and 403, arguing that the names of Mr. Webb's prior convictions are unfairly prejudicial. *Id.* The government argues that the exhibits are relevant to Mr. Webb's knowledge of his status as a felon, but they are not unfairly prejudicial because the government has redacted the underlying offense conduct

"Evidence of prior offenses, including the names of the offenses for which appellant was convicted, [is] relevant to prove an element of [a violation of section 922(g)]." *United States v. Xavier*, 483 F. App'x 754, 757 (3d Cir. 2012). However, "evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Old Chief v. United States*, 519 U.S. 172, 185 (1997). Unfair prejudice can be minimized by redacting the conviction records and providing limiting jury instructions. *United States v. Hood*, No. 21-13903, 2024 WL 714131, at *6 (11th Cir. Feb. 21, 2024) *petition for cert. filed*, (May 20, 2024).

Here, the Court finds that the probative value of the exhibits is not substantially outweighed by unfair prejudice. The exhibits are directly relevant to one of Mr. Webb's charged offenses, the government has redacted prejudicial information, and the Court has included a limiting instruction in its jury instructions. All of these factors minimize the exhibits' prejudicial effect. Mr. Webb's motion is **DENIED**.

## VI.    Mr. Webb's motion *in limine* to exclude exhibit G-137 (ECF 109).

Mr. Webb seeks to exclude exhibit G-137, a report of an interview with a witness written by an ATF Task Force Officer and an Agent, under Fed. R. Evid. 802 and the Sixth Amendment. ECF 109. Mr. Webb argues that the interview report is

inadmissible hearsay and violates his Sixth Amendment right because it contains redactions. *Id.* at 1-2. He also requests an unredacted copy. *Id.* at 2. The government represents that it intends to use this exhibit to refresh the recollections of or to impeach witnesses, and not admit them in its case-in-chief. ECF 116, p. 1. Because the government has indicated that it will not seek to admit this exhibit, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**. The exhibits may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.

### VII.   Mr. Webb's motion *in limine* to exclude exhibit G-138 (ECF 110).

Mr. Webb seeks to exclude exhibit G-138, a report of an interview with a civilian, under Fed. R. Evid. 802. ECF 110. Mr. Webb argues that the interview report is inadmissible hearsay. *Id.* The government represents that it intends to use this exhibit to refresh the recollections of or to impeach witnesses, and not admit them in its case-in-chief. ECF 116, p. 1. Because the government has indicated that it will not seek to admit this exhibit, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**. The exhibits may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.

### VIII.   Mr. Webb's motion *in limine* to exclude exhibits G-139 and G-140 (ECF 111).

Mr. Webb seeks to exclude exhibits G-139 and G-140, police reports regarding Mr. Webb, under Fed. R. Evid. 403, 404(b), and 802. ECF 111. Mr. Webb argues that the police reports would waste time, are impermissible other acts evidence, and are hearsay. *Id.* at 1-2. The government represents that it intends to use these exhibits

to refresh the recollections of or to impeach witnesses, and not admit them in its case-in-chief.  ECF 116, p. 1.  Because the government has indicated that it will not seek to admit this exhibit, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**.  The exhibits may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.

## IX.   Mr. Webb's motion *in limine* to exclude exhibits G-141 and G-142 (ECF 112).

Mr. Webb seeks to exclude exhibits G-141 and G-142, transcripts of previous hearings in this case, under Fed. R. Evid. 402 and 403.  ECF 112.  Mr. Webb argues that the exhibits are not relevant and are unfairly prejudicial.  *Id.*  The government represents that it intends to use these exhibits to refresh the recollections of or to impeach witnesses, and not admit them in its case-in-chief.  ECF 116, p. 1.  Because the government has indicated that it will not seek to admit this exhibit, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**.  The exhibits may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.

## X.   Mr. Webb's motion *in limine* to exclude exhibits G-143, G-147, G-149, G-151, G-152, and G-153 (ECF 113).

Mr. Webb seeks to exclude exhibits G-143, G-147, G-149, G-151, G-152, and G-153, letters from the U.S. Attorney's office to Mr. Webb, under Fed. R. Evid. 802.  ECF 113.   Mr. Webb argues that the exhibits are inadmissible hearsay.  *Id.*   The government represents that it intends to use these exhibits to refresh the recollections of or to impeach witnesses, and not admit them in its case-in-chief.  ECF 116, p. 1.  Because the government has indicated that it will not seek to admit this

exhibit, Mr. Webb's motion is **GRANTED IN PART AND DENIED IN PART**.  The

exhibits may only be used to refresh recollection and for impeachment, but may not

otherwise be admitted into evidence.

*********************

Dated: August 13, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge