# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:23-cr-42 |
| | ) | |
| DANTE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Court resolves Defendant's hearsay objections in the motion *in limine* at ECF 106 pertaining to Government Exhibits 84 and 85, as follows.

### Government Exhibit G-84

| Line | Defense Objection | Government Response | Court's Ruling |
|---|---|---|---|
| 7 | 802 re: everything but, "I want to talk to Becky and know what I said cuz I'll say it in front of both of you" | Not offered for the truth but as evidence of the ownership of the phone, i.e., that the user of the phone was not Becky; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). | Overruled; not for the truth of the matter, and so not hearsay |
| 8 | 802 re: "all this getting spun on me dude every time I help somebody out I get fucked over in the long run Dante I never said nothing about you dude I thought you were my friend" | Not offered for the truth but as evidence of the ownership of the phone, i.e., that the user of the phone was Webb; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). | Overruled; not for the truth of the matter, and so not hearsay |
| 17 | 802 re: "Be about $150.00" | Not offered for the truth of the matter asserted (i.e., the price) but as evidence of the declarant's relationship with the user of the telephone. At trial, the drug trafficking expert will testify that some drug customers will | Sustained; appears that the government is introducing this evidence to prove the truth of the price of the drug so that its expert may opine on it. |

| | | | |
|---|---|---|---|
| | | simply state a price to their drug dealer to place a routine drug order. As the government is not offering the evidence to prove the truth of the matter asserted, this is admissible nonhearsay. Fed. R. Evid. 801(c)(2). | |
| 59 | | | |
| 60 | 802 re: "I need to come through" | Not offered for the truth of the matter asserted (i.e., the declarant's need to travel) but as evidence of the declarant's relationship with the user of the telephone. At trial, the drug trafficking expert will testify that drug customers use common phrases, such as "come through," to communicate that they are interested in purchasing drugs. As the government is not offering the evidence to prove the truth of the matter asserted, this is admissible nonhearsay. Fed. R. Evid. 801(c)(2). | Overruled; not for the truth of the matter, and so not hearsay. |
| 64 | | | |
| 65 | | | |
| 66 | 802 re: "How much am I supposed ot pay for 1;" I need it bad but no Jason" | A portion of this message is a question that is not a "statement" within the meaning of Fed. R. Evid. 801(a). The defendant has not met his burden to show that the phrase "[h]ow much am I supposed to pay for 1" was intended as an assertion by the | Overruled; not declarative. |

| | | declarant. *See* Fed. R. Evid. 801, advisory committee's note ("The rule is so worded as to place the burden upon the party claiming that the intention existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility."). Regarding the clause "I need it bad," this portion is admissible as a statement of the declarant's then existing emotional, sensory, or physical condition. Fed. R. Evid. 803(3). | |
|---|---|---|---|
| 67 | | | |
| 68 | 805, 1002, | Neither layer of purported hearsay is offered for the truth of the matter asserted. Instead, each is offered for the fact that they were made, as context for the conversation between the declarant and the defendant, for the effect on the listener, and as evidence of the defendant's knowledge and intent; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). The portion of this message that communicates the declarant's receipt of a text message is admissible for the truth | Overruled; description of receipt of text message falls under Fed. R. Evid. 803(1). |

| | | as a present sense impression. Fed. R. Evid. 803(1). | |
|---|---|---|---|
| 69 | 802 re: "you can kind of surprise her and look through her shit if she'll let you but please there can't be any arguing here like I said just talk calmly I'm sure if she took something she give it back to you now that you guys have calm down today guys can talk" | The government agrees to redact the portion of this message identified as objectionable by the defendant. | Moot. |
| 71 | 802 | To the extent this message is opining on the quality of the total controls in comparison to Daniel's, it is not offered for the truth of the matter asserted. Rather, it is offered for the fact that the declarant discussed "total controls", a stamp recovered from Webb's safe on June 3, 2022, to prove that Webb possessed the total controls seized from the safe. Therefore, this text is admissible nonhearsay. Fed. R. Evid. 801(c)(2).<br><br>To the extent that the message is communicating the declarant's perception about the "chalky" quality of the total controls, the message is admissible as a present sense impression as the declarant's text identifies | Overruled; not for the truth of the matter, and so not hearsay. |

| | | that he "just checked" the difference. Fed. R. Evid. 803(1). | |
|---|---|---|---|
| 74 | 802 re: "I bought already the whole whole bun I noticed you took it off the top of a different brick but I literally had to do the whole thing already;" "must have fallen off or it's got different stuff in it;" "I did the whole thing" | The defendant is not objecting to the portion of this message that falls squarely within the exception for then-existing mental, emotional, or physical conditions. Fed. R. Evid. 801(3). The remainder of this message provides context for admissible statement. *United States v. Norton*, 893 F.3d 464, 467–68 (7th Cir. 2018). | Overruled; falls within Fed. R. Evid. 803(3). |
| 76 | 802 re: "and it was you;" "your actions put me in my situation and you got the balls to turn around and yell at me;" "im on my own business I don't want to know nothing I don't want to know who's what who did what what belongs to who I don't want to know don't ask I'm on my my own business;" "I told you that that she's safe and I'm minding my own fucking business I have no clue what you're even talking about;" "you are my plug and you just let your girl at my house you're not going to call and start turning shit on me that's not fair Dante and I wouldn't do it to you I'm tired of doing good things for people;" "I get fucked | The government agrees to redact the portion of this message that reads "you are my plug." <br><br> The remainder of this message is not offered for the truth but as evidence of the ownership of the phone, i.e., that the user of the phone was the defendant; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). | Sustained, in part; the government may admit "that's not fair Dante…" to the end of the message to prove ownership of the phone. The remainder of the message is otherwise irrelevant. |

| | | | |
|---|---|---|---|
| | it never fails I mind my own this is childish shit" | | |
| 87 | 802 re: "I got 60" | The portion of this message that asserts "I got 60" is admissible for the truth as a present sense impression. Fed. R. Evid. 803(1).<br><br>In the alternative, the government would not offer the statement for the truth of the matter asserted (i.e., the price) but as evidence of the declarant's relationship with the user of the telephone. At trial, the drug trafficking expert will testify that some drug customers will simply state a price to their drug dealer to place a routine drug order. As the government is not offering the evidence to prove the truth of the matter asserted, this is admissible nonhearsay. Fed. R. Evid. 801(c)(2). | Sustained; it appears that the government is introducing this evidence to prove the truth of the price of the drug so that its expert may opine on it. |
| 89 | 802 | The phrase "I'm out back" is admissible for the truth of the matter asserted as a present sense impression. Fed. R. Evid. 803(1). | Sustained; it is being proffered for the truth of the matter asserted and Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception.[1] |

---

[1] The government invokes the present-sense impression for a number of the messages, where the declarant is describing what he or she is doing or his or her

| | | | |
|---|---|---|---|
| 94 | | | |
| 95 | | | |
| 96 | | | |
| 97 | | | |
| 98 | | | |
| 110 | 802 re: "I got a bunch of subs for sale, we can trade if you want" | The government agrees to redact this message. | Moot. |
| 115 | 802 | The government agrees to redact this message. | Moot. |
| 118 | 802 re: "so we got my girl pulling up here in a little bit and then around 2:00 someone's going to be pulling up it's going to be big" | The government agrees to redact this message. | Moot. |
| 119 | | | |
| 120 | 802 | The phrase "Alright I'm on my way" is admissible for the truth of the matter asserted as a present sense impression. Fed. R. Evid. 803(1). | Overruled; falls under Fed. R. Evid. 803(3) (statement of motive, intent, or plan). |
| 121 | | | |
| 122 | | | |
| 123 | | | |
| 124 | 802 re: "this is Zack's friend again, I need to pick up if that's cool" | The phrase "I need to pick up if that's cool" is admissible for the truth of the matter asserted as a then existing mental, emotional, or physical condition. Fed. R. Evid. 803(3). At trial, the drug trafficking expert will testify that drug customers will use the | Overruled; first phrase falls within Fed. R. Evid. 803(3) and remainder of statement is not for the truth of the matter, so not hearsay. |

---

present location (e.g., "I'm out back."). The Court is unaware of any authority extending the exception that far; ordinarily the present-sense impression exception applies when the declarant is observing something or someone else, not when the declarant is describing what he or she is doing. If the parties have any legal authority on this issue, it may raise it with the Court at the final pre-trial conference.

|     |     |     |     |
| --- | --- | --- | --- |
|     |     | phrase "pick up" as coded language for a drug purchase. The declarant's assertion related to his intent or plan to purchase drugs is admissible under Rule 803(3).<br><br>The government is not offering the remainder of the statement for the truth of the matter asserted (i.e. the declarant is a friend of Zack's). Rather, it provides context for the rest of the statement. |     |
| 127 |     |     |     |
| 130 |     |     |     |
| 131 |     |     |     |
| 133 | 802 | The government agrees to redact this message. | Moot. |
| 134 |     |     |     |
| 135 | 802 re" "I got a ride" | This statement is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |
| 136 |     |     |     |
| 137 | 802 re: "I'm on my way to you" | This statement is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1).<br><br>Additionally, the defendant is not objecting to the portion of this message that falls squarely within the exception for then- | Overruled; falls within Fed. R. Evid. 803(3). |

| | | | |
|---|---|---|---|
| | | existing mental, emotional, or physical conditions. Fed. R. Evid. 801(3). The remainder of this message provides context for that admissible statement. *United States v. Norton*, 893 F.3d 464, 467–68 (7th Cir. 2018). | |
| 138 | | | |
| 144 | 802 | This statement is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |
| 145 | | | |
| 146 | | | |
| 147 | 802 re: "this is Austin, Zack's homie" | The government is not offering this statement for its truth (i.e. the declarant is Austin, who has some relationship with Zack). Rather, it is offered for context for the non-objectionable portion of the message. | Overruled; not for the truth of the matter, and so not hearsay. |
| 173 | 802 re: "I'm sick af" | This portion of the message is admissible for the truth as a statement of then-existing mental, emotional, or physical condition. Fed. R. Evid. 803(3). At trial, the drug trafficking expert will testify that drug customers will sometimes complain to their drug dealer about suffering adverse effects of drugs recently purchased or suffering symptoms of | Overruled; falls within Fed. R. Evid. 803(3). |

| | | withdrawing from the use of drugs in an effort to quickly purchase drugs. The declarant's description of his illness to "Tay" is admissible hearsay because it describes his then-existing physical condition. | |
|---|---|---|---|
| 174 | 802 | This statement is admissible for the truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |

## Government Exhibit G-85

| Line | Defense Objection | Government Response | Court's Ruling |
|---|---|---|---|
| 30 | 802 re: "it's Byrd;" "Wendy she left at 1p said (also 805 from here) she would b gone 20 min(end 805 addition). And she never came back." | The government is not offering this message for the truth of the matter asserted (i.e. the declarant is Byrd, Wendy left at 1:00 PM, or that she failed to return). Rather, the statement is offered to show that Webb has a relationship with Byrd and Wendy and that he is the user of the phone. As depicted in G-98, at the time of Webb's arrest on June 7, 2022, he was in possession of an "owe sheet" bearing the names "Bird" and 'Wendy". | Overruled; not for the truth of the matter, and so not hearsay. |
| 37 | 802 | This statement is admissible for the truth as a present sense | Sustained; Fed. R. Evid. 803(1) does not apply because |

| | | impression.  Fed. R. Evid. 803(1). | the statement is not related to the declarant's perception. |
|---|---|---|---|
| 39 | | | |
| 41 | | | |
| 42 | 802 | The phrase "have a hundred" is admissible for the truth as a present sense impression.  Fed. R. Evid. 803(1).<br><br>In the alternative, the government would not offer the statement for the truth of the matter asserted (i.e., the price) but as evidence of the declarant's relationship with the user of the telephone.  At trial, the drug trafficking expert will testify that some drug customers will simply state a price to their drug dealer to place a routine drug order. As the government would not offer the evidence to prove the truth of the matter asserted, it would be admissible nonhearsay.  Fed. R. Evid. 801(c)(2). | Sustained; it appears that the government is introducing this evidence to prove the truth of the price of the drug so that its expert may opine on it. |
| 60 | 802 re: "you shorted" | This portion of the statement is contained within a command for Webb to answer the phone.  According to the drug trafficking expert, "shorted" is use to describe when a drug dealer sells less than what was promised to a | Sustained; it appears that the government is introducing this evidence to prove the truth of the statement (shorting the price), so that its |

|    |    | drug user. The government does not intend to offer the statement for its truth (i.e. Webb sold less drugs than he promised) but rather to show that the user of the phone is engaged in drug trafficking. | expert may opine on the meaning of that term. |
|----|----|----|----|
| 61 |    |    |    |
| 63 |    |    |    |
| 64 | 802 | The statement "here" is admissible for the truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; it is being proffered for the truth of the matter asserted and Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |
| 65 | 802 re: "I need 2 buns and a 50 hard" | This statement is admissible for the truth as a statement of then-existing mental, emotional, or physical condition. Fed. R. Evid. 803(3). The drug trafficking expert will testify that a "bun" is comprised of 10 stamp bags of heroin and / or fentanyl and that "hard" is commonly used to refer to crack. Thus, the message is admissible to prove the declarant's then existing state of mind, a desire for quantities of controlled substances, which is | Sustained; it appears that the government is introducing this evidence to prove the truth of the price of the drug so that its expert may opine on it. Does not fall under Fed. R. Evid. 803(3). |

|  |  | admissible under Fed. R. Evid. 803(3). |  |
|---|---|---|---|
| 66 | 802 | The statement "I'm here" is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |
| 68 | 802 | The statement "I'm here" is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1). | Sustained; Fed. R. Evid. 803(1) does not apply because the statement is not related to the declarant's perception. |
| 78 | 802 | The statement "My phone bouta die I'm here tho" is admissible for its truth as a present sense impression. Fed. R. Evid. 803(1). | Overruled; falls under Fed. R. Evid. 803(1) because declarant is observing that his or her phone is almost out of battery. |
| 79 | 802 re: "ima be there bro Hunnit be there" | The portion of the statement describing an intention to be at a location is admissible as a description of then existing intent under Fed. R. Evid. 803(3).<br><br>As to the portion related to "Hunnit," it is not offered for the truth of the matter asserted (i.e., the price) but as evidence of the declarant's relationship with the user of the telephone. At trial, the drug trafficking | Overruled; falls within Fed. R. Evid. 803(3). |

| | | expert will testify that some drug customers will simply state a price to their drug dealer to place a routine drug order. As the government is not offering the evidence to prove the truth of the matter asserted, this is admissible nonhearsay. Fed. R. Evid. 801(c)(2). | |
|---|---|---|---|
| 84 | | | |
| 86 | 802 re: everything but "I'm just super sick and trying to get better" | A portion of this message is a question that is not a "statement" within the meaning of Fed. R. Evid. 801(a). The defendant has not met his burden to show that the phrase "Can you toss me a few bags?" was intended as an assertion by the declarant. *See* Fed. R. Evid. 801, advisory committee's note ("The rule is so worded as to place the burden upon the party claiming that the intention existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility."). Additionally, the defendant is not objecting to the portion of this message that falls squarely within the exception for then-existing mental, emotional, or physical conditions. Fed. R. Evid. 801(3). The remainder of this message provides | Sustained in part and overruled in part; "I'll come see you on my break and make it right" and "I'm just super sick and trying to get better" fall under Fed. R. Evid. 803(3). The rest of the statement is intended for the truth of the matter and inadmissible hearsay. |

| | | |
|---|---|---|
| | context for that admissible statement. *United States v. Norton*, 893 F.3d 464, 467–68 (7th Cir. 2018). | |

Dated: August 13, 2024

                                              BY THE COURT:

                                              <u>/s/ J. Nicholas Ranjan</u>
                                              J. Nicholas Ranjan
                                              United States District Judge