IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:23-cr-42 |
| | ) | |
| DANTE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant filed objections (ECF 140) to the Court's proposed voir dire (ECF 119). The Court resolves Defendant's objections as follows.

### Objections to Proposed Voir Dire

| Instruction | Defendant's Objection | Court's Ruling |
|---|---|---|
| ECF 119, p. 1 opening statements by the Court. | Objections to phrase "citizens sitting in judgment of the actions of fellow citizens" and requests that the phrase be edited to read "citizens sitting in judgment of the *alleged* actions of fellow citizens." | Sustained. The Court will add the word "alleged." |
| ECF 119, p. 1 discussing purpose of jury selection. | Objects to the Court's wording, and to the extent this wording influenced the Court's decision on the parties' proposed voir dire. | Overruled; the objected-to sentence is the Court informing potential jurors of the selection process; counsel will have an opportunity to question prospective jurors during individual voir dire. |

-1-

| | | |
|---|---|---|
| ECF 119, p. 2 discussing the questions that the Court will ask the jurors. | Objects to informing the potential jurors that they can avoid scrutiny based on the answers they give and to counsel not being able to conduct any of the voir dire. | Sustained, in part. While the Court does not find this prefatory remark to be objectionable, the Court will modify it to delete the language "depending on the answers you provide." |
| ECF 119, p. 3 requiring the jury not to discuss the case during breaks. | Objects to the Court's inclusion of the word "please" as making this statement a request. | Overruled; the statement is still phrased as a command. |
| ECF 119, p. 3 discussing relationships that may lead to bias or prejudice. | Objects to inclusion of the term "immediate family" as exclusive of people that do not have traditional or happy families. | Overruled; the Court's definition of "immediate family" is sufficiently broad, as it also includes "those with whom you have a similar relationship"; anything broader becomes too vague and lacks focus. |
| ECF 119, p. 3 informing jurors that they could serve on the jury if they can set aside their personal views. | Repeats objection re: purpose of voir dire and further objects because the proposed voir dire is not sufficient to reveal juror bias. | Overruled; counsel will have the opportunity to ask questions of individual jurors during individual voir dire |
| ECF 119, p. 3, ¶ 3 referring to Mr. Webb as the defendant. | Objects to Mr. Webb being referred to as the defendant and requests that he be referred to as "the accused." | Overruled; the jury will be instructed that Mr. Webb is presumed innocent. |

| | | |
|---|---|---|
| ECF 119, p. 4, ¶ 6 asking about strongly held beliefs. | Objects to the Court's use of the word "would" and states that a belief that is not strongly held can also give rise to bias. | Overruled in part and sustained in part. The Court will change the word "would" to "might" to address Mr. Webb's concern. Otherwise, the Court finds the rest of the question to be comprehensible to a lay person. Furthermore, the use of the phrase "strongly held beliefs" specifically targets those views that might produce bias, which is the Court's main concern. Broader phrasing is unnecessary and will unnecessarily sweep in responses that are not helpful or relevant to assessing bias. |
| ECF 119, pp. 4-5, ¶ 7 question about potential juror involvement with law enforcement. | Objects to term "immediate family"; objects to use of the word "would"; objects to term "strongly held belief"; renews request for question "do you feel police officers are always truthful under oath." | Overruled in part and sustained in part. The Court will change the word "would" to "might." The remaining objections are overruled for the reasons noted above. |

| | | |
|---|---|---|
| ECF 119, p .5, ¶ 8 asking if potential jurors would have difficulty following an instruction. | Objects to the word "will" and requests that it be replaced with the word "might." | Overruled in part and sustained in part.  Consistent with the other questions, the Court will ask: "Do you have any strongly held beliefs whereby it might be difficult for you to follow this instruction?" |
| ECF 119, p. 5, ¶ 9 questioning whether potential jurors have strongly held beliefs about drugs and/or guns. | Objects to term strongly held belief; reiterates requests for questions in Mr. Webb's proposed voir dire. | Overruled.  The Court's proposed question appropriately addresses the topic, and the proposal by Mr. Webb sweeps too broadly.  Similar to the other questions, the Court will change the word "would" to "might." |
| ECF 119, p. 5, ¶ 10 relating to the presumption of innocence and beyond a reasonable doubt | Requests that the Court give further instruction on these concepts. | Overruled; the final jury instructions give more details about presumption of innocence and beyond a reasonable doubt.  Mr. Webb's proposed instruction about "guilty" versus "not guilty" is confusing.  Similar to the other questions, the Court will change the word "would" to "might." |

| | | |
|---|---|---|
| ECF 119, p. 5, ¶ 11 asking about the right to remain silent. | Incorporates previous objection about term "strongly held beliefs" and the question as compound; repeats request for Mr. Webb's proposed question about the right to remain silent. | Overruled; there is nothing confusing about this question, and it appropriately captures concepts from the parties' proposals. |
| ECF 119, pp. 5-6, ¶ 13 asking about inconvenience to potential jurors. | Objects that the phrase "an inconvenience is not a sufficient basis to be excused" on the basis that it will reduce the likelihood that a potential juror would reveal their desire to be elsewhere; requests that the term "impossible" be replaced with "extremely difficult." | Overruled; the Court seeks to impress upon the prospective jurors that they will not be excused due to inconvenience. |
| ECF 119, p. 6 referring to the Court's conduct of individual voir dire. | Objects to Court only voir dire. | Overruled; counsel will have the opportunity to ask additional questions of potential jurors during individual voir dire. |
| ECF 119, p. 6 instructing the jurors not to speak about the case. | Objects and states that the word "please" turns this instruction into a request. | Overruled; this is phrased as a command |
| ECF 119-1, ¶ 6 asking whether potential jurors have ever been employed by the federal government. | Objects to exclusion of military service; requests that potential jurors should be asked if they have worked for state or municipal/local governments. | Overruled. This is designed to identify federal employees; military service is irrelevant. |
| ECF 119-1, ¶ 11 asking whether potential jurors have ever served on a jury in a criminal case. | Objects to the exclusion of asking whether potential jurors have served on a civil case. | Overruled; given that this is a criminal case, the question is targeted to prior criminal jury experience. |

| Objection not tied to specific instruction. | Objects to lack of questions regarding Black people and racial prejudice. | Overruled; based on the Court's prior experience, asking jurors about their racial biases does not produce useful information, and can also be harassing of jurors. |
|---|---|---|

Dated: August 15, 2024

                                        BY THE COURT:

                                        /s/ J. Nicholas Ranjan
                                        J. Nicholas Ranjan
                                        United States District Judge