IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:23-cr-42 |
| | ) | |
| DANTE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant filed objections (ECF 139) to the Court's phase 1 jury instructions (ECF 120). The Court resolves Defendant's objections as follows.

## Objections to Phase 1 Preliminary Instructions

| Instruction | Defendant's Objection | Court's Ruling |
|---|---|---|
| ECF 120, p. 1 relating to the jury's role. | Defendant objects to language instructing the jury that they are to find the facts of the case. | Overruled; the jury's role in a criminal trial is to be the factfinder. |
| ECF 120, p. 3 referring to Mr. Webb as "Defendant Dante Webb." | Incorporates objection from objections to voir dire (ECF 140) that using the term "defendant" "carries the unavoidable connotation of wrongdoing" (ECF 140, p. 8). | Overruled; "defendant" is Mr. Webb's procedural position in the case, and the other instructions make clear that he is innocent until proven guilty. |
| ECF 120, p. 3 stating "on or about" certain dates. | The government must prove that Mr. Webb possessed the drugs and guns on the specific dates in the indictment. | Overruled; these are the preliminary instructions and the instructions are setting forth the allegations as they are set forth in the indictment. Additionally, the government does not have to prove a specific date. |

| | | |
|---|---|---|
| ECF 120, p. 4 relating to the presumption of innocence. | The Court does not define "presumption of innocence" in a lay manner. | Overruled; the Court does not find this to be confusing. |
| ECF 120, p. 4 relating to the burden of proof. | (1) This instruction fails to adequately define "beyond a reasonable doubt"; <br> (2) The instruction lowers the government's burden of proof due to grammatical structure; <br> (3) Possible doubts are reasonable doubts sufficient for acquittal; <br> (4) The word "fair" should be eliminated from the instruction; <br> (5) "matters of importance" language lowers the governments burden of proof. | Overruled; these instructions are based on the Third Circuit's model instructions, and the Court finds them to be an accurate statement of the law. |

| | | |
|---|---|---|
| ECF 120, p. 7 discussing what is and is not evidence. | The phrase "questions of the lawyers for the parties in this case" risks prejudice to Mr. Webb because his case will primarily be made through leading questions. | Overruled, in part, but subject to clarification. Counsel questions are not evidence. That said, the Court will add to this section from Model Instruction 1.08 the following: "Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying." |
| ECF 120, p. 7 instructing the jury to use experience and common sense. | The phrase "experience and common sense" risks older jurors being seen as more authoritative than younger jurors and affects the burden of proof. | Overruled; these instructions are based on the Third Circuit's model instructions, and the Court finds them to be consistent with the law. Additionally, other instructions make clear to jurors that that they must make their own decision. |
| ECF 120, p. 8 definitions of direct and circumstantial evidence. | The definition of circumstantial evidence is confusing and "if your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion" misstates the jury's authority. | Overruled; these instructions are based on the Third Circuit's model instructions, and the Court finds them to be consistent with the law and not confusing. |

| ECF 120, p. 11 instructing the jury that final instructions will occur before closing. | Requests that final instructions take place after closing. | Overruled; for the reasons stated on the record at the final pretrial conference. |

## **Objections to Phase 1 Final Instructions**

| ECF 120, p. 13 instructing the jury that they must apply the law to the facts. | The instruction fails to explain how to apply the law to the facts and also reiterates prior objection about role of the jury. | Overruled; the role of the jury is to find facts and then apply the law to those facts. |
| --- | --- | --- |
| ECF 120, pp. 13-14 informing the jury that they must be unanimous. | "Requests the Court clarify to the jury that then need not be unanimous as to their reasonable doubts, only whether the Government proved their case beyond all of their reasonable doubts." | Overruled; the jury's verdict must be unanimous, and Mr. Webb's explanation would lead to confusion. |
| ECF 120, pp. 15-16 presumption of innocence and burden of proof. | Repeats objections from preliminary instructions. | Overruled; for same reasons as objections to preliminary instructions. |
| ECF 120, p. 17 relating to whether questions by lawyers are evidence. | Repeats earlier objection from preliminary instructions. | Overruled, in part for same reasons as objections to preliminary instructions. The same modification will be carried over from the preliminary instructions. |

| ECF 120, p. 18 instructions about direct and circumstantial evidence. | Requests that a phrase from the final objections be incorporated into the preliminary instructions; requests that the Court give an example of circumstantial evidence; objects to instruction about competing inferences on the basis that it confuses the burden of proof; incorporates prior objection to corresponding section in preliminary instructions. | Overruled; this jury instruction is adapted from the model to bring clarity to the jury's understanding of direct and circumstantial evidence; also for same reasons as objection to preliminary instructions. |
|---|---|---|
| ECF 120, p. 19 stating that the government is not required to present all possible witnesses. | Objects to exclusion of the instruction that the jury may draw an adverse inference as to the non-production of a witness or evidence. | Overruled, but without prejudice to raise before final instructions. An instruction that the jury may draw an adverse inference based on the non-production of a witness or evidence may be considered "in the rare case" in which the government could have called an important witness but did not. Cmt. to Third Circuit Model Jury Instruction 3.05. There is no proffered basis to give this instruction at this juncture. |

| | | |
|---|---|---|
| ECF 120, pp. 20-21 discussing witness credibility. | Objects "because the instruction does not inform the jury that they can believe a witness is telling the truth, but still have reasonably doubts about their testimony in which case they would be required to acquit WEBB." | Overruled; this instruction is based on the model instruction on witness credibility; Mr. Webb's concern is addressed where the Court will instruct: "If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves." |
| ECF 120, p. 21 discussing the credibility of law enforcement officers. | Objections to the word "necessarily" and to the portion that describes specific cross examination of police officers. | Sustained. The Court finds Mr. Webb's proposed modifications to provide appropriate clarity, and will make them. |
| ECF 120, p. 28 discussing eye-witness testimony. | Requests that the term "well-founded" be explained to the jury. | Overruled; the Court finds that the jury is capable of understanding what well-founded means in the context of the instruction. |
| ECF 120, p. 29 discussing proof of state of mind. | Objects to the wording, and requests that this instruction read "to determine Mr. Webb's state of mind, like any other person's state of mind…" | Overruled; it is Mr. Webb's state of mind that is at issue here. |

-7-

Dated: August 15, 2024

                                      BY THE COURT:

                                      <u>/s/ J. Nicholas Ranjan</u>
                                      J. Nicholas Ranjan
                                      United States District Judge