IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cr-42 |
| | ) | |
| DANTE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Court resolves Defendant's objections to the government's exhibits as follows.

## GOVERNMENT EXHIBIT LIST

| Ex. No. | Exhibit Description | Defense Objection | Government Response | Court Ruling |
|---|---|---|---|---|
| G-79 | Extraction Excerpt (Alcatel Blue)_Redacted | See supplemental chart. | | |
| G-80 | Extraction Excerpted (Alcatel IMEI 9691)_Redacted | See supplemental chart. | | |
| G-81 | Body-worn Camera Video Clip of Webb's Flight from Dettling | 404(b) 106 | As required by Rule 404(b), the government previously disclosed notice of intent to present evidence of Defendant Webb's flight from law enforcement on June 7, 2022 at ECF No. 76. The video of his flight is highly probative of his consciousness of guilt and his possession of the controlled substances seized from his person | Overruled; as stated in Court's Omnibus Order on Mr. Webb's motions in *limine*, evidence of Mr. Webb's flight is intrinsic evidence as to Count Four. ECF 234. As to Mr. Webb's Rule 106 objection, Rule 106 allows an adverse party to introduce a part of a statement in response to the |

| | | | on June 7, 2022. As to the Rule 106 objection, it is unclear what related statement the defense intends to introduce in conjunction with G-81, especially since the defense objects to the introduction of Webb's statement during his subsequent arrest, as recorded in G-93. Should the defense identify what statement it intends to introduce, the government will address at that time. | proffering party's introduction of part of a statement. Fed. R. Evid. 106. If, at trial, the government introduces this exhibit and Mr. Webb would like additional statements admitted, he may renew this objection at trial. |
|---|---|---|---|---|
| G-93* | Body-worn Camera Video Clip of Webb's Arrest Statement | 403 – unfair prejudice. | Defendant Webb's statement about his prior incarceration is highly probative of his knowledge of his felon status at the time he possessed the firearms and ammunition alleged in Count Three. However, as the parties stipulated to this element in the event that the case proceeds to Phase II, the prosecution does not intent to introduce this exhibit. Thus, this objection is moot. | Moot; the parties have stipulated to Mr. Webb's knowledge of his status as a felon. |
| G-113 | Photograph of Webb in Mirror 2 | 403 – cumulative. | G-113 is not cumulative of G-111 and G-112. Each was created on a different date, and each is | Overruled; the probative value of this exhibit is not substantially outweighed by the |

| | | | | |
|---|---|---|---|---|
| | | | separately relevant to establishing Defendant Webb's access to and control over the residence at 246 S. Millvale over a period of time leading up to the search of the residence on June 3, 2022. Each image corroborates expected testimony by the government's witnesses about Defendant Webb's residence. Further, G-113 was created on June 4, 2022, one day after the search of 246 S. Millvale Ave. It depicts Defendant Webb inside 246 S. Millvale wearing some of the same articles of clothing that he was wearing when he was arrested on June 7, 2022. Accordingly, it helps to establish his residence at 246 S. Millvale on the day of the search and corroborates expected testimony that he fled the residence on June 3 and later returned before he was arrested on June 7. | danger of needlessly presenting cumulative evidence because this image (as well as the images at G-111 and G-112) are relevant to Mr. Webb's access to and control over the residence. This image specifically is highly relevant because it was taken the day after June 3, 2022, seizure. |
| G-116 | Photograph of Webb in Mirror with Cash | 403 – cumulative. | Photographs G-116 through G-121 are not cumulative with one another. Although | Overruled; the probative value of this exhibit is not substantially |

| | | | they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the defendant and the date of their creation (as reflected in their associated metadata, which is marked separately). As explained in the government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate employment, tend to show his involvement in narcotics trafficking. | outweighed by the danger of needlessly presenting cumulative evidence because this image (as well as the other images that show Mr. Webb holding large amounts of cash) are relevant to his drug trafficking. "[P]ossession of large amounts of cash with evidence of narcotics trafficking is generally relevant and admissible." *United States v. Cooley*, 131 F. App'x 881, 883 (3d Cir. 2005). And this type of evidence is routinely admitted. *United States v. Chandler*, 326 F.3d 210, 215 (3d Cir. 2003). Here, the images showing Mr. Webb with large amounts of cash were take on different dates and depict him in different clothing and holding different amounts of cash, eliminating the danger of needlessly cumulative evidence. |
| G-117 | Photograph of Webb in Mirror with Cash 2 | 403 – cumulative. | Photographs G-116 through G-121 are not cumulative with one another. Although | Overruled for the same reasons stated in the Court's ruling |

| | | | they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the defendant and the date of their creation (as reflected in their associated metadata, which is marked separately). As explained in the government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate employment, tend to show his involvement in narcotics trafficking. | on Mr. Webb's objection to G-116. |
|---|---|---|---|---|
| G-118 | Photograph of Webb Holding Cash | 403 – cumulative. | Photographs G-116 through G-121 are not cumulative with one another. Although they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-116. |

| | | | defendant and the date of their creation (as reflected in their associated metadata, which is marked separately). As explained in the government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate employment, tend to show his involvement in narcotics trafficking. | |
|---|---|---|---|---|
| G-119 | Photograph of Webb Holding Cash 2 | 403 – cumulative. | Photographs G-116 through G-121 are not cumulative with one another. Although they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the defendant and the date of their creation (reflected in their associated metadata, which is marked separately). As explained in the | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-116. |

| | | | government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate employment, tend to show his involvement in narcotics trafficking. | |
|---|---|---|---|---|
| G-120 | Photograph of Webb in Bathroom Mirror Holding Cash | 403 – cumulative. | Photographs G-116 through G-121 are not cumulative with one another. Although they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the defendant and the date of their creation (reflected in their associated metadata, which is marked separately). As explained in the government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-116. |

| | | | 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate employment, tend to show his involvement in narcotics trafficking. | |
|---|---|---|---|---|
| G-121 | Photograph of Webb's Hand Holding Cash in Bed | 403 – cumulative. 901 | Photographs G-116 through G-121 are not cumulative of one another. Although they are all photographs within the broad category of "Defendant Webb holding large amounts of cash," they differ in the location of the defendant and the date of their creation (reflected in their associated metadata, which is marked separately). As explained in the government's supplemental 404(b) notice, Defendant Webb's possession of large amounts of cash over a period of time leading up to the June 3, 2022, search of his residence, coupled with expected testimony from the government's witnesses that Defendant Webb did not have legitimate | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-116. As to Mr. Webb's 901 objection, the government has met its burden under Rule 901 by proffering that this image was found on a phone belonging to Mr. Webb. *United States v. Mebrtatu*, 543 F. App'x 137, 140-41 (3d Cir. 2013). |

| | | | employment, tend to show his involvement in narcotics trafficking. Further, to the extent that Defendant Webb's Rule 901 objection contemplates that the government cannot establish that it is him in the photo, he is mistaken.  The government will present witness testimony at trial related to (1) the recovery of this photograph from the defendant's iPhone; (2) the photograph depicting a hand holding bulk U.S. currency while laying in the bed located at 246 S. Millvale Ave; and (3) defendant Webb residing at this address in May 2022, when the photograph was created.  Thus, several recognized examples for authenticating this exhibit apply, such as: Rules 901(b)(1), 901(b)(4), and 901(b)(9). | |
|---|---|---|---|---|
| G-123 | Photograph of Poly80 with Tactical Light and Drum | 403 – cumulative. 104(b) | As explained in the government's filing at ECF No. 189, G-122 and G-123 demonstrate Webb's | Overruled; the probative value of this exhibit is not substantially outweighed by the |

| | | | | |
|---|---|---|---|---|
| | Magazine Inserted | | access to and control over the firearm and magazine depicted. They are not cumulative because they show Defendant Webb's control over these items in that the user of the iPhone manipulated the images between the taking of the two images.  Further, G-123 is consistent with the expected testimony of at least one government witness that Defendant Webb tended to insert the extended drum magazine into the green Polymer 80 firearm. | danger of needlessly presenting cumulative evidence because this image depicts the firearm in a different manner than other exhibits.<br><br>As to Mr. Webb's Rule 104(b) objection, the government has introduced sufficient proof to show that Mr. Webb's control over the firearm by pointing to witness testimony about how Mr. Webb handled the gun and the fact that the image was taken from Mr. Webb's iPhone. |
| G-124 | Photograph of Webb in Mirror Holding Ruger | 404(b) | As further explained in the government's supplemental notice under Fed. R. Evid. 404(b) (ECF No. 189), this image is intrinsic to the offenses charged. It is highly probative of the defendant's access to and control of a firearm charged in the indictment and thus demonstrate his possession of this firearm. In the alternative, this image is admissible under 404(b) as it is probative of Webb's access to, | Overruled; this evidence is intrinsic because it is directly relevant to Mr. Webb's possession of the firearm which is an element of the offenses charged at Counts Two and Three.  *Savage*, 85 F.4th at 128-29 (explaining standard for intrinsic evidence).  The evidence is otherwise admissible under Rule 404(b) because it is being offered for the non-propensity |

| | | | knowledge of, ownership, and control of the firearm. | purpose of establishing an element of one of the charged offense, the evidence is relevant to that purpose, the highly probative value of the evidence is not substantially outweighed by the danger of unfair prejudice because while the image may create a slight danger of unfair prejudice, the highly probative value to elements of the offenses charged outweighs that prejudice, and the Court will give a limiting instruction. *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017) |
|---|---|---|---|---|
| G-125 | Photograph of Webb in Mirror Holding Mini Draco | 404(b) | As further explained in the government's supplemental notice under Fed. R. Evid. 404(b) (ECF No. 189), this image is intrinsic to the offenses charged. It is highly probative of the defendant's access to and control of a firearm charged in the indictment and thus demonstrate his possession of this firearm. In the alternative, this image | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-124. |

| | | | is admissible under 404(b) as it is probative of Webb's access to, knowledge of, ownership, and control of the firearm. | |
|---|---|---|---|---|
| G-126 | Photograph of Webb in Mirror Holding FNX-45 | 404(b) | As further explained in the government's supplemental notice under Fed. R. Evid. 404(b) (ECF No. 189), this image is intrinsic to the offenses charged. It is highly probative of the defendant's access to and control of a firearm charged in the indictment and thus demonstrate his possession of this firearm. In the alternative, this image is admissible under 404(b) as it is probative of Webb's access to, knowledge of, ownership, and control of the firearm. | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-124. |
| G-127 | Photograph of Webb in Mirror Holding Glock 19X with Extended Magazine Inserted | 404(b) 403 – cumulative. | As further explained in the government's supplemental notice under Fed. R. Evid. 404(b) (ECF No. 189), this image is intrinsic to the offenses charged. It is highly probative of the defendant's access to and control of a firearm charged in the indictment and thus demonstrate his possession of this | Overruled for the same reasons stated in the Court's ruling on Mr. Webb's objection to G-124.

As to Mr. Webb's objection to this exhibit as cumulative, the probative value of this exhibit is not substantially outweighed by the |

| | | | firearm. In the alternative, this image is admissible under 404(b) as it is probative of Webb's access to, knowledge of, ownership, and control of the firearm. Furthermore, this image is not cumulative with the preceding images of Webb posing with firearms as this image depicts Webb in possession of another firearm, which is separately identified in Count Three of the Superseding Indictment. | danger of needlessly presenting cumulative evidence because this image depicts a different firearm than other exhibits. |
|---|---|---|---|---|
| G-128 | Photograph of Digital Scale on Kitchen Floor | 104(b) – timeframe, 402, 404(b) | The metadata associated with this image shows that it was created on May 22, 2022. It shows a teal or green digital scale on the floor in the kitchen of 246 S. Millvale Avenue. A teal or green digital scale was later recovered from the same kitchen during the search on June 3, 2022. The presence of this photograph of the scale on Defendant Webb's phone, created close in time to the search and in the same place the scale was | Overruled; this evidence is relevant under Rule 402 because digital scales can be tools of the drug trafficking trade. Where relevance depends on whether a fact exists, the proponent must show that a jury could reasonably find those facts by a preponderance of the evidence. Fed. R. Evid. 104(b). Digital scales can be evidence of drug trafficking. *United States v. Manning*, No. 23-2112, 2024 |

| | | | | |
|---|---|---|---|---|
| | | | ultimately recovered, tends to establish Defendant Webb's knowledge of, access to, and control over the digital scale. The government expects its witnesses to testify that digital scales are associated with drug trafficking. | WL 1715121, at *2 (3d Cir. Apr. 22, 2024. Because the digital scale is relevant to the charged offenses, and the image was taken on Mr. Webb's iPhone close in time (less than two weeks) to the date of the charged offense, the government has met its burden under Rules 104(b) and 402.

As to Rule 404(b), evidence of the digital scale is admissible for the following reasons. First, the evidence appears to be offered for Mr. Webb's knowledge and intent to distribute drugs. Second, the evidence is relevant to the non-propensity purpose because digital scales are tools of the drug trade. *Manning*, 2024 WL 1715121, at *2. Third, the probative value of this evidence is not substantially outweighed by unfair prejudice because it goes directly to Mr. Webb's knowledge |

| | | | | and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence. |
|---|---|---|---|---|
| G-129 | Video of Cat in Attic | 402 | The government expects that its witnesses will testify that the cat depicted in G-129 and G-133 belonged to the other resident of 246 S. Millvale. The images of this cat were taken from Defendant Webb's iPhone. G-129 appears to depict an attic and, thus, not 246 S. Millvale (which had only one level). G-133 appears to depict 246 S. Millvale. Taken together, these images corroborate the relationship between Defendant Webb and the other resident of 246 S. Millvale, as well as Defendant Webb's residence at that address. | Sustained; because this video of the cat was not taken at Mr. Webb's residence, it is not relevant to whether he lived at that residence. |
| G-132 | Video of Front Door of 246 S. Millvale Ave | 402 | G-132, a video taken from Defendant Webb's iPhone, tends to establish his residency at that location in May and June of 2022. | Overruled; this evidence is relevant to whether Mr. Webb lived at 246 S. Millvale Ave. |

| G-133 | Video of Cat in Garbage Bag at 246 S. Millvale | 402 | The government expects that its witnesses will testify that the cat depicted in G-129 and G-133 belonged to the other resident of 246 S. Millvale. The images of this cat were taken from Defendant Webb's iPhone. G-129 appears to depict an attic and, thus, not 246 S. Millvale (which had only one level). G-133 appears to depict 246 S. Millvale. Taken together, these images corroborate the relationship between Defendant Webb and the other resident of 246 S. Millvale, as well as Defendant Webb's residence at that address. | Overruled; this evidence is relevant to whether Mr. Webb lived at 246 S. Millvale Ave. |
|---|---|---|---|---|
| G-144 | ATF ROI 004 (Shaughnessy Interview) Redacted* | 106 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-145 | PBP Report – June 3, 2022* | 802 | G-144 through G-178 are marked solely for the purpose of | Overruled; because the government has indicated that it will not seek to admit |

| | | | refreshing recollection and impeachment. | this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
|---|---|---|---|---|
| G-146 | PBP Report – June 7, 2022* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-147 | Transcript Preliminary Hearing (9-22-22)* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment.  To the extent that transcripts of sworn testimony may be used for impeachment or rehabilitation, those transcripts may be admissible under Fed. R. Evid. 801(d)(1). | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection, for impeachment, or as otherwise allowed under Rule 801(d)(1). |
| G-148 | Transcript Suppression Hearing (10-19-23)* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment.  To the extent that transcripts of sworn testimony may be used for impeachment or | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection, for impeachment, or as |

| | | | rehabilitation, those transcripts may be admissible under Fed. R. Evid. 801(d)(1). | otherwise allowed under Rule 801(d)(1). |
|---|---|---|---|---|
| G-149 | Disclosure of Expert Testimony of Emily Wilkinson* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-150 | Exhibit C to Disclosure of Expert Testimony of Emily Wilkinson – Notes and Data Related to 22LAB03513* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-151 | Exhibit E to Disclosure of Expert Testimony of Emily Wilkinson – Notes and Data Related to 22LAB03544* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-152 | Exhibit F to Disclosure of | 802 | G-144 through G-178 are marked solely for | Overruled; because the government has |

| | Expert Testimony of Emily Wilkinson – Discrepancy Notice Re: Item 1C to 22LAB03544* | | the purpose of refreshing recollection and impeachment. | indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
|---|---|---|---|---|
| G-153 | Disclosure of Expert Testimony of Anita Lorenz* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-154 | Exhibit D to Disclosure of Expert Testimony of Anita Lorenz – Notes and Data Related to 22LAB03513* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-155 | Disclosure of Expert Testimony of Karen Springmeyer* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for |

| | | | | |
|---|---|---|---|---|
| | | | | impeachment, but may not otherwise be admitted into evidence |
| G-156 | Disclosure of Expert Testimony of Michael Namey* | 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-157 | Disclosure of Expert Testimony of Nicholas Pizzuto* | 702 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence |
| G-158 | Disclosure of Expert Testimony of Raymond J. Murray* | 702 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.  As to Mr. Webb's 702 objection, the government |

| | | | | states that it is offering Detective Murray as an expert out of an abundance of caution.  Because this testimony appears to be similar to Detective Pizzuto's testimony, Detective Murray may testify as a lay witness, as described in the Court's Omnibus Order on Mr. Webb's motions *in limine*. ECF 234. |
|---|---|---|---|---|
| G-159 | ATF ROI 001 (Bogacz Interview)_Redacted* | 106 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate. |
| G-160 | ATF ROI 007 (Bogacz Interview 2) Redacted* | 106, 403 – unfairly prejudicial re: "cop killer," 404b, 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence. |
| G-164 | Ford Body-Worn Camera Footage Clip 3:00 – 3:15* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further | Sustained; it is not clear from the clip how it is at all relevant to the case, as it simply shows Officer Ford writing in a notebook. |

| | | | contextualize other portions of Officer Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | |
|---|---|---|---|---|
| G-165 | Still Image of Ford Body-Worn Camera Footage at 4:42* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Nevertheless, it is unclear how Rule 106 applies to this exhibit as it is a still image that contains no statements. | Overruled; this evidence is because it shows the interior of the residence where officers seized firearms and controlled substances. As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. |
| G-166 | Ford Body-Worn Camera Footage Clip 5:00 – 5:15* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further | Overruled; this evidence is relevant because it shows the inside of the residence where officers seized firearms and |

| | | | contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | controlled substances. As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. |
|---|---|---|---|---|
| G-167 | Ford Body-Worn Camera Footage Clip 6:00 – 6:33* | 106 402 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection, for impeachment, or as otherwise allowed under Rule 801(d)(1). As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, these statements are relevant as context for other video clips. |

| G-168 | Ford Body-Worn Camera Footage Clip 8:01 – 8:39* | 106 402 802 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection, for impeachment, or as otherwise allowed under Rule 801(d)(1). As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, these statements are relevant as context for other video clips. |
| G-169 | Still Image of Ford Body-Worn Camera Footage at 11:28* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Again, it is unclear how Rule 106 is implicated as to this still image that does not depict statements. | Overruled; this evidence is relevant because it shows the bed where firearms were found around/underneath it. As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. |
| G-170 | Ford Body-Worn Camera Footage | 106 402 | G-144 through G-178 are marked solely for the purpose of | Overruled; this evidence is relevant because Officer Ford |

| | | | | |
|---|---|---|---|---|
| | Clip 11:48 – 12:00* | | refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | is discussing a "magazine" which is related to the firearms seized from the residence. As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate. |
| G-171 | Ford Body-Worn Camera Footage Clip 15:10 – 15:15* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, these statements are relevant as context for other video clips. |

| | | | offered into evidence under Fed. R. Evid. 801(d)(1)(B). | |
|---|---|---|---|---|
| G-172 | Ford Body-Worn Camera Footage Clip 15:24 – 17:05* | 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106.  To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; this footage includes Officer Ford discussing the types and quantities of controlled substances seized, as well as firearms. |
| G-173 | Ford Body-Worn Camera Footage Clip 28:03 – 28:25* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment.  Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate.  As to Mr. Webb's 402 objection, this video clip is relevant because it contains discussions about who was sleeping on the floor, which Mr. Webb previously |

| | | | under Rule 106.  To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | identified as an area of dispute. |
|---|---|---|---|---|
| G-174 | Ford Body-Worn Camera Footage Clip 1:20:34 – 1:22:45* | 106 402 802 403 – unfairly prejudicia re: reference to multiple jurisdictio ns outside Zone 5. | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106.  To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; because the government has indicated that it will not seek to admit this exhibit, the exhibit may only be used to refresh recollection, for impeachment, or as otherwise allowed under Rule 801(d)(1). As to Mr. Webb's Rule 106 objection, he may move for the government to show contextual statements at trial if necessary and appropriate.  As to Mr. Webb's 402 objection, this video statement is relevant because it contains discussions of controlled substances seized from the residence.  As to Mr. Webb's 403 objection, at the end of the video, Officer Ford states "he already has more guns than Zone 5."  It appears |

| | | | | that this is the statement that Mr. Webb is objecting to. However, the probative value of this statement (Mr. Webb has many guns) is not substantially outweighed by the danger of unfair prejudice because the statement is brief and unlikely to have a prejudicial effect on the jury. |
|---|---|---|---|---|
| G-175 | Ford Body-Worn Camera Footage Clip 1:31:23 – 1:31:30* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, this video clip is relevant because it contains discussions about magazines found with the firearms. |

| G-176 | Ford Body-Worn Camera Footage Clip 1:36:58 – 1:37:55* | 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; this video clip is relevant because it shows a digital scale and magazines that were found with the firearms. |
| G-177 | Ford Body-Worn Camera Footage Clip 2:00:47 – 2:01:17* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, this video clip is relevant because it contains discussion about digital scales. |

| | | | statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | |
|---|---|---|---|---|
| G-178 | Ford Body-Worn Camera Footage Clip 2:03:21 – 2:04:29* | 106 402 | G-144 through G-178 are marked solely for the purpose of refreshing recollection and impeachment. Further, these clips were marked to further contextualize other portions of Ford's body worn camera, which the government anticipates may be used by the defense for impeachment, if it becomes necessary under Rule 106. To the extent that these clips contain statements that may be consistent with trial testimony, they may be offered into evidence under Fed. R. Evid. 801(d)(1)(B). | Overruled; Mr. Webb may move for the government to show contextual statements at trial if necessary and appropriate. As to Mr. Webb's 402 objection, this video clip is relevant because it contains discussion about digital scales and phones. |

Dated: November 25, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge