# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cr-42 |
| | ) | |
| DANTE WEBB, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The Court resolves Defendant's objections pertaining to Government Exhibits 79 and 80 as follows.

## Government Exhibit G-79

| Page | Line | Defense Objection | Government Response | Court's Ruling |
|---|---|---|---|---|
| 3 | 7 | 802 re: everything but, "I want to talk to Becky and know what I said cuz I'll say it in front of both of you" | Not offered for the truth but as evidence of the ownership of the phone, i.e., that the user of the phone was not Becky; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). The government notes that this objection was previously lodged and overruled. (*See* ECF No. 133.) | Overruled; not for the truth of the matter, and so not hearsay. |
| 3 | 8 | 802 re: "all this getting spun on me dude every time I help somebody out I get fucked over in the long run Dante I never said nothing about you dude I thought you were my friend" | Not offered for the truth but as evidence of the ownership of the phone, i.e., that the user of the phone was the defendant; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2). The government notes that this objection was previously lodged and overruled. (*See* ECF No. 133.) | Overruled; not for the truth of the matter, and so not hearsay. |
| 4 | 17 | 402 | Given the Court's prior ruling, the government does not intend to introduce the current unredacted portion of this | Sustained given government's agreement to redact. |

| | | | text.  Thus, the government will redact the rest of the statement. | |
|---|---|---|---|---|
| 5 | 59 | | | |
| 5 | 60 | 802 re: "I need to come through" | Not offered for the truth of the matter asserted (i.e., the declarant's need to travel) but as evidence of the declarant's relationship with the user of the telephone. At trial, the drug trafficking expert will testify that drug customers use common phrases, such as "come through," to communicate that they are interested in purchasing drugs. As the government is not offering the evidence to prove the truth of the matter asserted, this is admissible nonhearsay. Fed. R. Evid. 801(c)(2).  The government notes that this objection was previously lodged and overruled.  (*See* ECF No. 133.) | Overruled; not for the truth of the matter, and so not hearsay. |
| 5 | 64 | 802 re: "a buck twenty" | This message reflects a statement by the user of the telephone, Defendant Webb.  Accordingly, it is admissible nonhearsay. Fed. R. Evid. 801(d)(2)(A). | Overruled; this statement is admissible as an opposing party statement. |
| 6 | 65 | | | |
| 6 | 66 | 802 re: "How much am I supposed ot pay for 1;" I need it bad but no Jason" | A portion of this message is a question that is not a "statement" within the meaning of Fed. R. Evid. 801(a). The defendant has not met his burden to show that the phrase "[h]ow much am I supposed to pay for 1" was intended as an assertion by the declarant. See Fed. R. Evid. 801, advisory committee's note ("The | Overruled; not declarative, and the Court can discern no implied assertion. |

| | | | rule is so worded as to place the burden upon the party claiming that the intention existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility."). Regarding the clause "I need it bad," this portion is admissible as a statement of the declarant's then existing emotional, sensory, or physical condition. Fed. R. Evid. 803(3). The government notes that this objection was previously lodged and overruled.  (*See* ECF No. 133.) | |
|---|---|---|---|---|
| 6 | 67 | 106 (the text mentioned in line 68 *infra*) | Fed. R. Evid. 106 permits an adverse party to require the introduction of related statements.  As the defense is objecting to the related statements provided in lines 64 through 68, it is unclear what related statement Mr. Webb intends to introduce under Rule 106. Should Mr. Webb seek to admit statements that the government previously redacted based upon the prior Court's ruling at ECF No. 133, the government will include those statements in this exhibit. | Overruled; the text in line 68 is admissible. |
| 6 | 68 | 106 (he just texted), 805 (saying no about giving me a deal), 1002 | Neither layer of purported hearsay is offered for the truth of the matter asserted. Instead, each is offered for the fact that | Overruled; description of receipt of text message falls under Rule 803(1).  Rules 106 and 1002 appear to be |

| | | | they were made, as context for the conversation between the declarant and the defendant, for the effect on the listener, and as evidence of the defendant's knowledge and intent; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2).<br><br>The portion of this message that communicates the declarant's receipt of a text message is admissible for the truth as a present sense impression. Fed. R. Evid. 803(1).<br><br>The government does not believe that the "best evidence rule" provided by Fed. R. Evid. 1002 is applicable to this evidence.<br><br>Except for the objection under Fed. R. Evid. 106, the government notes that this objection was previously lodged and overruled.  (*See* ECF No. 133.) | inapplicable because this is the original text message and is the best evidence of the text message. |
|---|---|---|---|---|
| 6 | 69 | 402 re: "call me like adults but I' going to be upstairs laying down." | The identified clause is relevant because it demonstrates a relationship between the user of the telephone and the speaker. | Sustained; the government does not identify why a relationship between the user of the phone and the speaker is relevant. Absent additional explanation or foundation, this message is excluded. |
| 6 | 70 | | | |
| 6 | 71 | 403 (confusing the issue), 404b, 802 | This message is relevant to, and highly probative of, Defendant Webb's | Overruled; as to 802 objection, not for the |

| | | | possession of, and intent to distribute, the drugs seized from his residence on June 3, 2022, a central issue for Counts One and Two of the Superseding Indictment. Those drugs included a significant quantity of stamp bags marked "total control." The government submits that the risk of confusion is minimal in light of the substantial probative value. Thus, Fed. R. Evid. 403 does not preclude the admissibility of this statement.<br><br>The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b). (*See* ECF No. 76 at 3.)<br><br>To the extent this message is opining on the quality of the total controls in comparison to Daniel's, it is not offered for the truth of the matter asserted. Rather, it is offered for the fact that the declarant discussed "total controls", a stamp recovered from Webb's safe on June 3, 2022, to prove that Webb possessed the total controls seized from the safe. Therefore, this text is admissible nonhearsay. Fed. R. Evid. 801(c)(2).<br><br>To the extent that the message is communicating the declarant's perception | truth of the matter, and so not hearsay.<br><br>As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons. First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances). Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015). Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the |

| | | | about the "chalky" quality of the total controls, the message is admissible as a present sense impression as the declarant's text identifies that he "just checked" the difference. Fed. R. Evid. 803(1).<br><br>Except for the objections under Fed. R. Evid. 403 and 404(b), the government notes that this objection was previously lodged and overruled. (*See* ECF No. 133.) | appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, the Court finds that the probative value of this evidence is not substantially outweighed by the danger of confusing the jury because the text message is discussing "total control" branded stamp bags, and stamp bags branded with "total control" was seized from Mr. Webb's residence. The fact that the same brand is being discussed that was seized makes this evidence highly probative and the risk of confusion is non-existent because of the same. |
|---|---|---|---|---|
| 7 | 74 | 403 (confusing the issue), 404b, 802 re: "I bought already the whole whole bun I noticed you took it off the top of a different brick but I literally had to do the whole thing already;" "must have fallen off or it's got different stuff in it;" "I did the whole thing" | This message is relevant to, and highly probative of, Defendant Webb's possession of, and intent to distribute, the drugs seized from his residence on June 3, 2022, a central issue for Counts One and Two of the Superseding Indictment. The government submits that the risk of confusion is minimal in light of the substantial probative value. Thus, Fed. R. Evid. 403 does not preclude the admissibility of this statement. | Overruled; as to Mr. Webb's 802 objection, this statement falls within Fed. R. Evid. 803(3).<br><br>As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons. First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances). Second, the evidence is |

| | | | | |
|---|---|---|---|---|
| | | | The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)<br><br>The defendant is not objecting to the portion of this message that falls squarely within the exception for then existing mental, emotional, or physical conditions. Fed. R. Evid. 803(3). The remainder of this message provides context for admissible statement. *United States v. Norton*, 893 F.3d 464, 467–68 (7th Cir. 2018).<br><br>Except for the objections under Fed. R. Evid. 403 and 404(b), the government notes that this objection was previously lodged and overruled.  (*See* ECF No. 133.) | relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015). Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, the Court finds that the probative value of this evidence is not substantially outweighed by the danger of confusing the jury because this text is evidence of Mr. Webb's knowing |

| | | | | possession of an intent to deliver the drugs seized at his residence, making it highly probative. There is little risk of confusion to the jury because the government has proffered that any unknown terms such as "bun" or "sick" will be explained by its witnesses. ECF 76. |
|---|---|---|---|---|
| 7 | 76 | 402, 403-timeframe, 802 | This message is relevant to proving that the user of the telephone was Defendant Webb. The government previously gave notice of its intent to introduce this and other text messages under Fed. R. Evid. 404(b). The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 objection regarding "timeframe". Nevertheless, it is clear from the timestamp on the message that it was received on April 24, 2022. Accordingly, the message reflects that Defendant Webb was the user of the telephone in the weeks preceding the seizure of drugs and firearms from his residence on June 3, 2022.<br><br>The government previously agreed to redact a portion of this message. The remainder of this message is not offered for the truth but as evidence of the ownership of the phone, i.e., that the | Sustained, in part; the government may admit "that's not fair Dante…" to the end of the message to prove ownership of the phone. The remainder of the message is otherwise irrelevant. The Court notes that the current redaction does not accurately reflect the Court's prior ruling. The Court will allow this message, so long as it is redacted in the same manner as in the first trial (i.e., everything redacted, except "that's not fair Dante" and to the end of the message. |

| | | | user of the phone was the defendant; therefore, admissible nonhearsay. Fed. R. Evid. 801(c)(2).<br><br>The Court previously sustained a portion of the hearsay objection to this message. (*See* ECF No. 133.)  The government redacted the message consistent with the Court's ruling. | |
|---|---|---|---|---|
| 8 | 87 | 402 | The message purports to be from "Tiff" and the government expects that its witnesses may testify that "Tiff" was one of Defendant Webb's drug customers.  Accordingly, this message is relevant to showing Defendant Webb's intent to distribute narcotics and to establishing that Defendant Webb used the telephone to do so. | Overruled; the government has sufficiently proffered the relevance of this statement. |
| 8 | 89 | | | |
| 8 | 94 | | | |
| 8 | 95 | | | |
| 9 | 96 | 402, 403 (confusing the issues/misleading the jury) | This message was sent by the user of the telephone, Defendant Webb, and is part of a conversation between Defendant Webb and a person who appears to be a drug customer.  Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. | Overruled; viewed in a vacuum, this single text of "Yup" may not be relevant, but it becomes highly relevant when viewed in conjunction with the prior message stating "Ima come through rn that cool."  Because this message is a response to the statement at line 95, it is relevant to Mr. Webb's use of the phone to interact with drug customers.  This relevance is not |

| | | | | substantially outweighed by the danger of confusing or misleading the jury because this text is clearly a response to the prior text and it is unlikely that a jury would be confused by that. |
|---|---|---|---|---|
| 9 | 97 | 104b, 404b, 601, 802 | The government lacks sufficient information to adequately respond to the Fed. R. Evid. 104(b) and 601 objections.  To the extent the defense questions what the statement, "I'm going to be placing an order with you for myself here in a little bit okay" relates to, this statement was sent to a drug dealer's burner phone, which was recovered in the same residence as bulk controlled substances and numerous firearms.  Thus, sufficient proof exists to support the relevance of an incoming message that provides notice of placing "an order" with the defendant drug dealer.

The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)

The declarant's stated intention to place an order with the user of the telephone is admissible for the truth of the matter | Overruled; the government has made a sufficient proffer under Rule 104(b).

As to Mr. Webb's 601 objection, it is unclear how Mr. Webb is challenging the text message's competence.

As to Mr. Webb's 802 objection, this statement falls within Fed. R. Evid. 803(3).

As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons.  First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances).  Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as |

| | | | | |
|---|---|---|---|---|
| | | | asserted as a statement of then-existing mental, emotional, or physical condition (motive, intent, or plan).  Fed. R. Evid. 803(3). | uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015).  Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case.  Fourth, the Court will provide the appropriate limiting instruction regarding this evidence. |
| 9 | 98 | 402 | This message is relevant context for the message at line 96.  It is part of a conversation between Defendant Webb and a drug customer. | Overruled; this message is relevant as part of the conversation started in the message on line 97. |
| 10 | 110 | 402 | This message is relevant to showing the relationship between the individual identifying themselves as "Dirt" and the user of the telephone, Defendant Webb.  The government expects that its witnesses may testify that this individual was a drug customer of Defendant Webb's. | Overruled; the government has sufficiently proffered the relevance of this statement. |
| 11 | 115 | | | |
| 11 | 118 | 402 | A portion of this message was previously redacted | Overruled; the government has |

| | | | voluntarily by the government, as reflected in the Court's prior ruling. (*See* ECF No. 133.) The unredacted portion is relevant to the relationship between the user of telephone number x6854 and the user of the telephone, Defendant Webb. There are several text messages between Defendant Webb and the user of telephone number x6854 related to controlled substances. | sufficiently proffered the relevance of this statement. |
|---|---|---|---|---|
| 12 | 119 | 402, 403 timeframe, 404b | The statement "Bet" is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. At trial, the government will introduce testimony related to common terminology used by drug users to communicate their desire to purchase drugs from their drug dealers, to include "I need to pick up" (line 124) and "Can I come through" (line 122). Thus, Mr. Webb's statement "Bet" is relevant to demonstrate his receipt of the earlier communications from the drug customer.<br><br>The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b). (*See* ECF No. 76 at 3.) The messages are consistent with testimony | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402.<br><br>As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons. First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances). Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x |

| | | | that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale.  The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection.  Nevertheless, the message was sent on April 22, 2022.  The message was contained on a phone recovered in the same residence as bulk controlled substances.  Thus, the government submits that the probative value of this message is not substantially outweighed by whatever "timeframe" issue the defense contemplates. | 189, 193 (3d Cir. 2015). Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |
| 12 | 120 | 402, 403 timeframe, 802 | This message is part of a series of messages comprising of a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the phone to communicate with drug customers, and its recovery in the same residence where he possessed bulk controlled substances, makes it more likely that he possessed with intent to distribute those controlled substances.  Thus, this statement is relevant and admissible. | Overruled; falls under Fed. R. Evid. 803(3) (statement of motive, intent, or plan).<br><br>As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons.  First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances).  Second, the evidence is relevant to the non-propensity purpose |

| | | | | |
|---|---|---|---|---|
| | | | The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)  The messages are consistent with testimony that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale.  The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection.  However, for the reasons set forth in its response to the defendant's timeframe objection to line 119, the government submits that the Rule 403 balancing test weighs in favor of admissibility.<br><br>The phrase "Alright I'm on my way" is admissible for the truth of the matter asserted as a present sense impression. Fed. R. Evid. 803(1).<br><br>Except for the objections under Fed. R. Evid. 402 and 403, the government notes that this objection was previously lodged and overruled.  (*See* ECF No. 133.) | because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015).  Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case.  Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |
| 12 | 121 | 402, 403 timeframe, 404b | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |

| | | | | |
|---|---|---|---|---|
| | | | The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)  The messages are consistent with testimony that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale.  The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection.   However, for the reasons set forth in its response to the defendant's timeframe objection to line 119, the government submits that the Rule 403 balancing test weighs in favor of admissibility. | As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons.  First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances).  Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015).  Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case.  Fourth, the Court will provide the appropriate limiting instruction regarding this evidence. |

| | | | | As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |
|---|---|---|---|---|
| 12 | 122 | 402, 403 timeframe | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the phone to communicate with drug customers, and its recovery in the same residence where he possessed bulk controlled substances, makes it more likely that he possessed with intent to distribute those controlled substances.  Thus, this statement is relevant and admissible.

The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)  The messages are consistent with testimony that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale.  The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection.  However, for the reasons set forth in its response to the defendant's timeframe objection to line 119, the government submits that | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402.

As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |

| | | | the Rule 403 balancing test weighs in favor of admissibility. | |
|---|---|---|---|---|
| 12 | 123 | 402, 403 timeframe, 404b | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the phone to communicate with drug customers, and its recovery in the same residence where he possessed bulk controlled substances, makes it more likely that he possessed with intent to distribute those controlled substances.  Thus, this statement is relevant and admissible.

The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b).  (*See* ECF No. 76 at 3.)  The messages are consistent with testimony that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale.  The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection.  However, for the reasons set forth in its response to the defendant's timeframe objection to line 119, the government submits that the Rule 403 balancing test weighs in favor of admissibility. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402.

As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons.  First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances).  Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015).  Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug |

| | | | | distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |
|---|---|---|---|---|
| 12 | 124 | 402 | As stated, this message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the phone to communicate with drug customers, and its recovery in the same residence where he possessed bulk controlled substances, makes it more likely that he possessed with intent to distribute those controlled substances. Thus, this statement is relevant and admissible. Further, at trial, the drug trafficking expert will testify that drug customers use common phrases, such as "pick up," to communicate that they are interested in purchasing drugs. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 13 | 127 | 402 | This message is relevant to demonstrating that the user of the telephone was Defendant Webb. As | Overruled; the government has sufficiently proffered the relevance of this |

| | | | stated, this message is also part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the phone to communicate with drug customers, and its recovery in the same residence where he possessed bulk controlled substances, makes it more likely that he possessed with intent to distribute those controlled substances. Thus, this statement is relevant and admissible. Further, at trial, the drug trafficking expert will testify that drug customers use common phrases, such as "pick up," to communicate that they are interested in purchasing drugs. | statement under Rule 402. |
| --- | --- | --- | --- | --- |
| 13 | 128 | 106 (attachments), 402 | The government agrees to redact this text. | Moot. |
| 13 | 130 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 13 | 131 | 402 | This message is part of a series of messages comprising a conversation | Overruled; the government has sufficiently proffered |

| | | | between the user of the telephone, Defendant Webb, and a drug customer.  Further, at trial, the drug trafficking expert may testify that drug customers use common phrases, such as "hit u," to communicate that they are interested in purchasing drugs. | the relevance of this statement under Rule 402. |
|---|---|---|---|---|
| 13 | 133 | | | |
| 14 | 134 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 14 | 135 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 14 | 136 | 402 | This message is part of a series of messages comprising a conversation between the user of the | Overruled; the government has sufficiently proffered the relevance of this |

| | | | telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. Further, at trial, the drug trafficking expert will testify that drug customers use common phrases, such as "come thru," to communicate that they are interested in purchasing drugs. | statement under Rule 402. |
|---|---|---|---|---|
| 14 | 137 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 14 | 138 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |

| | | | substances recovered from his residence with the phone on June 3, 2022 also belonged to him.  Further, at trial, the drug trafficking expert will testify that drug customers use common phrases, such as "pull up," to communicate that they are interested in purchasing drugs. | |
|---|---|---|---|---|
| 14 | 139 | 106 (attachments), 402 | The government will redact this text. | Moot. |
| 14 | 140 | 106 (attachments), 402 | The government will redact this text. | Moot. |
| 15 | 141 | 106 (attachments), 402 | The government will redact this text. | Moot. |
| 15 | 142 | 106 (attachments), 402 | The government will redact this text. | Moot. |
| 15 | 144 | | | |
| 15 | 145 | 402, 403 timeframe, 404b | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer.  Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him.  Further, at trial, the drug trafficking expert will testify that drug customers use common phrases, such as "pull up," to communicate that they are interested in purchasing drugs.

The government previously disclosed its | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402.

As to Mr. Webb's 404(b) objection, the evidence is admissible for the following reasons.  First, the evidence is offered for a non-propensity purpose (knowledge of possession and intent to deliver controlled substances).  Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of |

| | | | intention to introduce these text messages at trial under Fed. R. Evid. 404(b). (*See* ECF No. 76 at 3.) The messages are consistent with testimony that Defendant Webb dealt drugs both before and after moving to 246 S. Millvale. The government lacks sufficient information to otherwise respond to the Fed. R. Evid. 403 timeframe objection. Nevertheless, the message was sent on April 20, 2022. The message was contained on a phone recovered in the same residence as bulk controlled substances. Thus, the government submits that the probative value of this message is not substantially outweighed by whatever "timeframe" issue the defense contemplates. | admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015). Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.<br><br>As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |
|---|---|---|---|---|
| 15 | 146 | 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |

| | | | phone on June 3, 2022 also belonged to him. | |
|---|---|---|---|---|
| 15 | 147 | 104b re: "Zack," 402 | This message is part of a series of messages comprising a conversation between the user of the telephone, Defendant Webb, and a drug customer. Webb's use of the cellular phone to communicate with his drug customers is relevant as it makes it more likely that the controlled substances recovered from his residence with the phone on June 3, 2022 also belonged to him.<br><br>The government is without sufficient information to otherwise respond to the Fed. R. Evid. 104(b) objection. To the extent that defense's objection under Rule 104(b) is that the admissibility of this text turns on a pretrial finding that the declarant was really "Zack's friend," the government disagrees with the premise. Regardless of the identity of the declarant and the declarant's relationship to "Zack," the communications between the declarant and Defendant Webb indicate that the declarant was a drug customer. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402.<br><br>As to Mr. Webb's Rule 104(b) objection, the government has made a sufficient proffer under Rule 104(b). |
| 16 | 173 | 104b that sick from drugs, 403 timeframe, 404b. | This message is highly probative of Defendant Webb's identity as the user of the telephone. Further, at trial, the drug trafficking expert will testify that drug | Overruled; the evidence is admissible under Rule 404(b) for the following reasons. First, the evidence is offered for a non-propensity purpose |

| | | | customers will sometimes complain to their drug dealer about suffering adverse effects of drugs recently purchased or suffering symptoms of withdrawing from the use of drugs in an effort to quickly purchase drugs. Accordingly, this message is also highly probative of Defendant Webb's possession of the drugs seized from his residence on June 3, 2022, and his intent to distribute those drugs. Given the high probative value of the statement, the vague "timeframe" concern expressed by the defense does not substantially outweigh the probative value.

The government previously disclosed its intention to introduce these text messages at trial under Fed. R. Evid. 404(b). (*See* ECF No. 76 at 3.)

The government is without sufficient information to otherwise respond to the Fed. R. Evid. 104(b) objection. To the extent that the defense's objection under Rule 104(b) is that the admissibility of this text turns on a pretrial finding by the Court that there is sufficient proof to conclude that the declarant was in fact sick from drug withdrawal, the text | (knowledge of possession and intent to deliver controlled substances). Second, the evidence is relevant to the non-propensity purpose because "evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct." *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015). Third, the evidence is highly relevant because it goes to Mr. Webb's knowing possession and his intent to distribute, and the danger of unfair prejudice does not substantially outweigh the probative value because evidence of prior drug distribution goes directly to Mr. Webb's knowledge and intent which is a crucial aspect of the case. Fourth, the Court will provide the appropriate limiting instruction regarding this evidence.

As to Mr. Webb's 403 objection, "timeframe" is not one of the considerations under that rule. |

| | | | messages between the declarant and Defendant Webb make clear that the declarant was a drug customer.  The context of the text messages between Webb and the declarant, coupled with the testimony of the drug trafficking expert interpreting this type of communication as one seeking drugs, satisfy Rule 104(b). | As to Mr. Webb's Rule 104(b) objection, the government has made a sufficient proffer under Rule 104(b). |
|---|---|---|---|---|
| 16 | 174 | | | |

## Government Exhibit G-80

| Page | Line | Defense Objection | Government Response | Court's Ruling |
|---|---|---|---|---|
| 3 | 30 | 402 | This message is relevant because it identifies the user of the phone as "Tay." At trial, the government will introduce witness testimony establishing that "Tay" is the defendant's nickname. The recovery of this disposable phone with a similar phone containing communications that reflect drug trafficking makes it more likely that Webb possessed the drugs seized at his residence on June 3, 2022 with the intent to distribute.  Thus, the message is relevant and admissible.<br><br>In addition, the declarant of this statement identifies himself as "Byrd" and asks Mr. Webb whether he has seen "Wendi."  At the time of his arrest on June 7, 2022, law enforcement seized an owe sheet bearing Byrd and Wendy's name (*see* G-98).  Thus, the message is also relevant to corroborate that Webb is the user of the phone and has a relationship with the individuals listed on the purported owe sheet. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 4 | 39 | 402, 404b | The government will redact this text. | Moot. |
| 4 | 41 | 402 | The government will redact this text. | Moot. |
|  |  |  |  |  |
| 5 | 60 | 402 | The government will redact this text. | Moot. |

| 5 | 61 | 402 | The government will redact this text. | Moot. |
|---|----|-----|--------------------------------------|-------|
| 5 | 63 | 402 | The government will redact this text. | Moot. |
| 5 | 65 | 402 | The government will redact this text. | Moot. |
| 6 | 78 | 402 | The government will redact this text. | Moot. |
| 6 | 79 | 402 | The government will redact this text. | Moot. |
| 7 | 84 | 402 | The government will redact this text. | Moot. |
| 7 | 86 | 402 | The message is relevant because it was recovered from a disposable phone used by the Defendant, which was seized from the same residence as bulk controlled substances on June 3, 2022.  At trial, the government will introduce a drug trafficking expert who will testify that drug customers will sometimes complain to their drug dealer about suffering adverse effects of drugs recently purchased or about suffering symptoms of withdrawing from the use of drugs in an effort to quickly purchase drugs.  Accordingly, this message is highly probative of Defendant Webb's possession of the drugs seized from his residence on June 3, 2022, and his intent to distribute those drugs. | Overruled; the government has sufficiently proffered the relevance of this statement under Rule 402. |
| 7 | 87 | 106 (attachment), 402 | The government will redact this text. | Moot. |

Dated: November 25, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge